IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REINALDO ROBLES DEL VALLE, et al., <br><br> Plaintiffs <br><br> v. <br><br> VORNADO REALTY TRUST, et al., <br><br> Defendants | CIVIL 06-1818 (JAG) (JA) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the court on motion for summary judgment by defendant Vornado Realty Trust, Inc. ("Vornado Realty"), pursuant to Federal Rule of Civil Procedure 56(c).  (Docket No. 39, March 21, 2007.)  Vornado Realty argues that plaintiff Reinaldo Robles Del Valle's ("Robles") action against it "for allegedly failing to provide adequate security for visitors to the Las Catalinas Mall which allegedly led to the rape and murder of plaintiffs' decedent, Celia López," should be dismissed because "Las Catalinas Mall is not a juridical entity with the ability to be sued" and Vornado Realty neither was, nor is, the owner of the premises in question.  (Id. at 1.)

In its statement of uncontested facts, Vornado Realty states that Las Catalinas Mall "is owned by Vornado Caguas Holding LP (99.9%), a Delaware partnership and Vornado Caguas GP, Inc., a Delaware corporation (.01%)." (Docket No. 40, at 1, March 21, 2007.)  As evidence, Vornado Realty presented an unsworn declaration by Steven Santora, wherein he states that he is the vice president of Financial Operations of Vornado Realty and that Vornado Realty does not own and has never owned the Las Catalinas Mall.  (Id., Ex. A.)

On March 30, 2007, plaintiff Robles filed an opposition to Vornado Realty's motion for summary judgment wherein he states he filed a second amended

CIVIL 06-1818 (JAG) (JA)                    2

complaint against Vornado Caguas LP ("Vornado LP") and Vornado Caguas GP, Inc. ("Vornado GPI") (Docket No. 34) and argues that Vornado Realty's motion for summary judgment should be denied because Vornado Realty has not presented any evidence that it is not the owner of the Las Catalinas Mall. (Docket No. 45, at 1-2.)

On May 24, 2007, Vornado LP filed an answer to Robles' second amended complaint wherein it admitted it was the manager/owner of the commercial establishment known as the Las Catalinas Mall. (Docket No. 66, at 2, ¶ 11.)

Also on May 24, 2007, Vornado GPI and Vornado LP filed motions to dismiss.[1] (Docket Nos. 67 and 68.) Opposition to those motions, replies and sur-replies ensued (Docket Nos. 69, 72 & 77), and on October 11, 2007, the court issued an order and opinion denying Vornado GPI and Vornado LP's motions to dismiss. (Docket No. 90.) Therein, the court noted that after Robles mistakenly named Vornado Realty a defendant in his complaint, he later amended the complaint when he established that Vornado GPI and Vornado LP were the actual owners of the Las Catalinas Mall. (Id. at 7-8.)

On October 5, 2007, days before the court denied the defendants' motions to dismiss, this case was referred to me for disposition on defendants' motion for summary judgment. (Docket No. 89.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); El Día, Inc. v. P.R. Dep't of Consumer Affairs, 313 F. Supp. 2d 54, 57 (D.P.R. 2004). To succeed on a motion for summary judgment,

---

[1] The substance of the motions to dismiss is not relevant to this disposition.

CIVIL 06-1818 (JAG) (JA)            3

the moving party must show that there is an absence of evidence to support the nonmoving party's position. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has brought a properly supported motion for summary judgment, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial and that a trier of fact could reasonably find in the non-movant's favor. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). A party cannot discharge said burdens by relying upon "conclusory allegations, improbable inferences, and unsupported speculation." López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000) (quoting Morris v. Gov't Dev. Bank of P.R., 27 F.3d 746, 748 (1st Cir. 1994); El Día, Inc. v. P.R. Dep't of Consumer Affairs, 313 F. Supp. 2d at 57.

The court must view the facts in light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. See Patterson v. Patterson, 306 F.3d 1156, 1157 (1st Cir. 2002). A fact is material if it has the potential to affect the outcome of the case under applicable law. Nereida-González v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

### III.  DISCUSSION

In its motion for summary judgment, Vornado Realty argues that because it has never owned the Las Catalinas Mall, and in fact, the Las Catalinas Mall is owned by Vornado GPI and Vornado LP, then Vornado Realty should not be held liable for Celia López' rape and murder. In support of this argument there is not only a statement by Steven Santora, apparently Vornado Realty's vice president of Financial Operations, but also admissions by Vornado GPI and Vornado LP in various motions that they are the actual owners of the Las Catalinas Mall.

Robles, in opposition, only states that Vornado Realty has presented no evidence to support its assertions. Clearly, however, it is Robles' assertion here

CIVIL 06-1818 (JAG) (JA)                 4

that is unsupported.  The Las Catalinas Mall is owned by Vornado LP, which has admitted to owning a 99.9% stake in the Mall, and Vornado GPI, which has admitted to holding the "(very) minority" stake of .01%.  Moreover, Robles has not presented any evidence showing that Vornado Realty has some ownership interest in the Las Catalinas Mall.  There is no trial worthy issue as to ownership. See, e.g., Sealink, Inc. v. Frenkel & Co., 441 F. Supp. 2d 374, 377-79 (D.P.R. 2006).  Therefore, the action against Vornado Realty must be dismissed.

## IV.  CONCLUSION

In view of the above I find that Vornado Caguas GP, Inc., and Vornado Caguas LP, and not Vornado Realty Trust, Inc., were and are the owners of the Las Catalinas Mall.  Therefore, it is my recommendation that the motion for summary judgment by Vornado Realty Trust, Inc., be GRANTED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140 (1985); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13 (1st Cir. 1983); United States v. Vega, 678 F.2d 376 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 27th day of February, 2008.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge